IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARCELA C. LOPEZ )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WILLIAMSON COUNTY, TENNESSEE )<br>)<br>Defendant. ) | Case No.: _____<br>JURY DEMAND<br><br>Judge<br>Magistrate Judge |

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, Marcela C. Lopez, by and through counsel, and seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, back and front pay, attorneys fees, court costs, discretionary costs and all other damages to which she is entitled, for discrimination based on her ethnic origin pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, violations under Fair Labor Standards Act, and breach of contract suffered by Plaintiff while employed by Defendant.

### THE PARTIES

1. Plaintiff Marcela Lopez is a citizen of the United States of America, and a resident of Davidson County, Tennessee.

2. Defendant Williamson County is a Tennessee county operating a solid waste landfill in Williamson County, Tennessee. Defendant has continually employed at least fifty (50) employees. Defendant may be served with process through county mayor, Rogers Anderson, 1320 West Main Street, Suite 125, Franklin, Tennessee 37064.

1

## JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq.; the Americans with Disabilities Act of 1990 as amended in 2008, 42 U.S.C. § 12101 et seq.; the Tennessee Human Rights Act; the Fair Labor Standards Act of 1938, 29 U.S.C. §203; and, the common and codified law of the State of Tennessee.

4. Jurisdiction over the federal issues is invoked pursuant to 28 U.S.C. §§1332 and 1343 and related provisions; and over the state law claims pursuant to the doctrine of pendent jurisdiction.

5. Venue is proper under 28 U.S.C. § 1391 because the events alleged substantially occurred in the Middle District of Tennessee at Defendant Williamson County Government's solid waste landfill in Williamson County, Tennessee.

6. This action properly lies in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b), for the unlawful employment practices substantially were committed in this judicial district and this district is where, upon information and belief, the employment records of Plaintiff are located.

7. All conditions precedent to this action and to jurisdiction have occurred or been complied with, to-wit: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days and within 300 days of the commission of the unfair employment practice; a Notification of Right to Sue was issued by the Equal Employment Opportunity Commission on December 20, 2023; this Complaint was filed within ninety (90) days of receipt of the Notification of Right to Sue.

## FACTUAL ALLEGATIONS

8. On September 3, 2019, Marcela Lopez started work as a scales operator at Williamson County's solid waste landfill facility located at 5750 Pinewood Road, Franklin, Tennessee.

9. After approximately six months, Marcela Lopez was promoted to an administrator who oversaw the scales operators, and classified as Administrative Support III.

10. In October of 2021, Mac Nolen became the Director of the Williamson County Solid Waste facility.

11. Janine Leher became the manager of the Williamson County solid waste facility. Janine Leher became the supervisor over Marcela Lopez.

12. Marcela Lopez frequently clocked in when she arrived at work and starting performing her tasks for the day. Janine Leher reported the start time as 7:00 a.m. regardless of the time on the time card.

13. Janine Leher instructed Marcela Lopez to clock out at 4:00 p.m. and continue working until all tasks were completed.

14. The Personnel Policies for Williamson County Government state that non-exempt employees shall be paid overtime compensation for all hours worked over forty in a workweek or given compensatory time. (Sec. 6.01, p.26) The employee's supervisor must consent to the overtime work. (Id.)

15. In June of 2022, after learning that her medical condition would require surgery, Marcela Lopez submitted a request for protected leave under the Family Medical Leave Act ("FMLA") to Ms. Barnhill in the Defendant's Human Resources Department. The

request was approved.

16. The FMLA application was lost, and Marcela Lopez resubmitted her request for protected leave to Patricia Hawkins in the Defendant's Human Resources Department.

17. On December 10, 2022, Mac Nolen told Marcela Lopez that her job was safe and would be held for her.

18. On December 12, 2022, Marcela Lopez had a hysterectomy and related bladder mesh surgery.

19. On January 5, 2023, protected leave under the Family Medical Leave Act was approved from the date of surgery until February 21, 2023.

20. The Personnel Policies for Williamson County Government require an employee suffering a serious health condition to report in as frequently as possible and indicate whether she intends to return to work. (Sec. 4.06, p.19)

21. At the request of Human Resource, Marcela Lopez signed consents releasing her medical records to her employer. Marcela Lopez kept her supervisor and Human Resources informed of her condition after each surgery and during her recovery. Marcela Lopez consistently indicated that she intended to return to work.

22. On January 25, 2023, American United Life Insurance Company approved short term disability benefits for Marcela Lopez.

23. On February 17, 2023, American United Life Insurance Company approved extending the short term disability benefits for Marcela Lopez to March 12, 2023.

24. On February 24, 2023, Marcela Lopez responded to American United Life Insurance Company that she intended on applying for long term disability.

25. On March 7, 2023, Dr. Jill Danford sent a physician's statement requesting extended leave with an expected return to work on April 1, 2023.

26. On March 8, 2023, Marcela Lopez underwent a corrective procedure that installed a catheter to keep the bladder empty.

27. Following the second procedure, Mac Nolen once again told Marcela Lopez that her job was safe and would be held for her.

28. The Personnel Policies for Williamson County Government provide that a failure to return to work on a designated date may result in termination unless the Department Head has approved an extension. (Sec. 4.05, p.17)

29. The Personnel Policies for Williamson County Government and federal law provide for making reasonable accommodations for employees with disabilities. (Sec. 2.03, p.8)

30. On March 31, 2023, Marcela Lopez submitted another request for short term disability.

31. Marcela Lopez was able to work in the office with her catheter or while wearing a diaper if she were provided more frequent bathroom breaks.

32. On April 10, 2023, Marcela Lopez had a third surgery in which the bladder mesh was to be replaced, but instead was removed because of scaring, inflamation, and related complications from the prior procedure.

33. On May 11, 2023, Dr. Jill Danford sent a physician's statement to Human Resources requesting extended leave with an expected return to work on June 13, 2023.

34. On May 24, 2023, Marcela Lopez received a letter granting her request for temporary disability.

35. On June 6, 2023, Marcela Lopez was advised that her temporary disability application

was approved.

36. On June 13, 2023, Clair Cochran, Director of Human Resources, left a voice mail message for Marcela Lopez stating that she had not heard from Marcela Lopez.

37. On June 13, 2023, Dr. Danford sent an email to Marcela Lopez reporting on her post surgery follow-up and copied Human Resources on the email.

38. On June 13, 2023, Dr. Danford sent a physician's statement requesting extended leave for Marcela Lopez with expected return on August 12, 2023.

39. On June 13, 2023, Williamson County Department of Human Resources issued a separation notice that stated the basis of termination was a failure to return to work.

40. The Personnel Policies for Williamson County Government provide for "inactive status" for employees on a recognized leave of absence. (Sec. 1.02, p.4)

41. On November 29, 2023, Marcela Lopez had a fourth surgery to install mesh around her bladder.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

42. The allegations in paragraph 1 - 41 are realleged and incorporated by this reference as if set forth herein.

43. Plaintiff Marcela Lopez had a disability that impairs one or more major life activities, had a record of such impairment, and/or Defendant Williamson County perceived Plaintiff to have such impairment.

44. Plaintiff was qualified to work for Defendant Williamson County in her respective position as Administrative Support III.

45. Marcela Lopez was able to work in the office with her catheter or while wearing diapers

with some restirction, such as providing more frequent bathroom breaks.

46. Defendant Williamson County failed to reasonably accommodate Plaintiff by offering or providing more frequent bathroom breaks.

47. Defendant Williamson County discriminated against the Plaintiff in that Defendant Williamson County terminated Plaintiff's employment on the basis of her disability and/or perceived disability in violation of the ADA.

48. Defendant Williamson County selected less qualified employees and/or applicants outside the protected class to fill positions with Defendant Williamson County.

49. Defendant Williamson County laid off and/or terminated Plaintiff's employment on the basis of her disability. This unlawful discharge has caused Plaintiffs to lose pay and other benefits of their employment, including a mandatory raise and full vesting in her pension, which has harmed Plaintiff. Plaintiff seeks compensatory and punitive damages, equitable relief, prejudgment interest and attorney fees and costs.

## COUNT II - VIOLATIONS OF T.C.A. § 8-50-103

50. The allegations in paragraph 1 - 49 are realleged and incorporated by this reference as if set forth herein.

51. Plaintiff Marcela Lopez had a disability that impairs one or more major life activities, had a record of such impairments, and/or Defendant Williamson County perceived Plaintiff to have such impairment.

52. Plaintiff was qualified to work for Defendant Williamson County in her respective position.

53. Defendant Williamson County terminated Plaintiff's employment on the basis of her disability.

54. Defendant Williamson County discriminated against the Plaintiff in that Defendant Williamson County terminated Plaintiff's employment on the basis of her disability and/or perceived disability in violation of T.C.A. § 8-50-103.

55. This unlawful discharge has caused Plaintiffs to lose pay and other benefits of their employment, which has harmed Plaintiff. Plaintiff seeks compensatory and punitive damages, equitable relief, prejudgment interest and attorney fees and costs.

## COUNT III - DISCRIMINATION ON THE BASIS OF ETHNIC ORIGIN AND RACE

56. The allegations contained in Paragraphs 1 - 55 are re-alleged and incorporated by this reference as if set forth herein.

57. Marcela Lopez is a member of a protected class on the basis of race. She is a Hispanic woman.

58. Marcela Lopez required multiple surgeries following her hysterectomy and related bladder mesh surgery.

59. The Personnel Policies for Williamson County Government provide for "inactive status" for employees on a recognized leave of absence. (Sec. 1.02, p.4)

60. Marcela Lopez was on a recognized medical leave of absence.

61. While fully apprised of her medical condition, management for the Defendant told Marcela Lopez that her job was safe while she was on medical leave.

62. On June 13, 2023, Marcela Lopez was discharged for failure to return to work.

8

63. Several Caucasian workers for Defendant were allowed to use inactive status for extended medical leaves of absence and were not discharged.

64. This unlawful discharge has caused Plaintiff to lose pay and other benefits of her employment, which has harmed Plaintiff. Plaintiff seeks compensatory and punitive damages, equitable relief, prejudgment interest and attorney fees and costs.

## COUNT IV - VIOLATION OF THE FAIR LABOR STANDARDS ACT

65. The allegations contained in Paragraphs 1 - 64 are re-alleged and incorporated by this reference as if set forth herein.

66. Defendant is covered by the Fair Labor Standards Act and its overtime provisions.

67. Plaintiff is not exempt from the obligation of the employer to pay her overtime at time and a half if she works over 40 hours in a work week.

68. Plaintiff routinely worked overtime hours before 7:00 a.m. and after 4:00 p.m. for which she was not paid.

69. Marcela Lopez begin work on her mornings tasks as soon as she arrived at work, including counting money from the prior day, document and record collections, sort the mail, and perform similar tasks so that the facility could open at 7:00 a.m.

70. Some days Marcela Lopez clocked in when she arrived. Other days she worked as instructed prior to clocking in at 7:00 a.m.

71. Marcela Lopez started work prior to 7:00 a.m. on most days. The employer consistently recorded her start time as 7:00 a.m. on the excel worksheets sent to the employer's payroll department.

72. Janine Leher instructed Marcela Lopez to clock out at 4:00 p.m. and continue working until all tasks were completed.

73. Work tasks Marcela Lopez was expected to perform on a regular and consistent basis after clocking out at 4:00 p.m. include, but are not limited to, the following:

    a. preparing time cards for all solid waste employees for the following week;

    b. waiting on the scales to be calibrated at the end of day as needed;

    c. paying invoices to vendors;

    d. transcribing data to check book;

    e. waiting for a person who could provide a second signature on the Saturday report of the money collected; and,

    f. preparing daily reports which were frequently completed and time stamped after clocking out.

74. Plaintiff never was paid for certain overtime she actually worked.

75. The employer's failure to pay the Plaintiff for the overtime worked is a violation of the Fair Labor Standards Act.

76. Plaintiff seeks all damages to which she is entitled as a result thereof including back pay, front pay, liquidated damages, prejudgment interest, compensatory damages, punitive damages and attorneys fees.

## CLAIM V - Breach of Contractual Obligations

77. The allegations contained in Paragraphs 1 - 76 are realleged and incorporated by this reference as if set forth herein.

78. The Personnel Policies for Williamson County Government provide that a failure to return to work on a designated date may result in termination unless the Department Head has approved an extension. (Sec. 4.05, p.17)

79. The Personnel Policies for Williamson County Government and federal law provide for making reasonable accommodations for employees with disabilities. (Sec. 2.03, p.8)

80. Defendant breached its contractual duties to the Plaintiff by terminating her employment in violation of the Defendant's own employment policies.

81. The Plaintiff was damaged by the Defendant's breach of contract.

82. The Plaintiff seeks actual and consequential compensatory damages and such other relief as may be just and proper.

WHEREFORE the Plaintiff seeks all relief and damages to which he may be entitled including the following AND DEMANDS A JURY:

    A.    Compensatory Damages, including overtime pay, back pay, front pay, and liquidated damages;

    B.    Nominal Damages;

    C.    Reinstatement with prior existing seniority and back pay to include raises, retirement benefits, and overtime for which Plaintiff would have been eligible;

    D.    Attorney Fees;

    E.    Costs and discretionary costs;

    F.    Exemplary or punitive damages;

    G.    Prejudgment interest;

H.     Such other and further relief to which Plaintiff is entitled.

> Respectfully submitted,
>
> /s/ John A. Beam
> John A. Beam, III (BPR# 11796)
> Equitus Law Alliance, PLLC
> 709 Taylor Street
> P.O. Box 280240
> Nashville, Tennessee 37228
> Telephone: (615) 251-3131
> Facsimile: (615) 252-6404
> beam@equituslaw.com

# VERIFICATION OF COMPLAINT

STATE OF TENNESSEE )
COUNTY OF Williamson )

    Before me, the undersigned authority, a notary public in and for State and County, personally appeared MARCELA LOPEZ, who, being duly sworn according to law, deposes and says that she is over the age of twenty-one (21) and under no disability and that the facts set forth in the foregoing Verified Complaint are true upon personal knowledge or, where indicated in the Complaint, upon information and belief.

    FURTHER AFFIANT SAITH NOT.

_____
MARCELA LOPEZ

Sworn before me on this the 22nd day of February, 2024.

_____
Notary Public

My Notary Expires on 10/16/2027



12