# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MARCELA LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00245 |
| | ) Judge Aleta A. Trauger |
| WILLIAMSON COUNTY, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Before the court is plaintiff Marcela Lopez's Motion for Attorney Fees and Costs (Doc. No. 36). Defendant Williamson County (the "County") does not oppose the amount of costs requested and does not contest the plaintiff's right to recover attorney's fees; however, it opposes the amount of fees sought and proposes a reduction. (Doc. No. 38.) The plaintiff filed a Reply in further support of her motion (Doc. No. 44), which addresses only one of the defendant's objections to the amount of fees sought.

For the reasons set forth herein, the plaintiff's motion will be granted, though the fees awarded will be reduced slightly from the amount sought by plaintiff's counsel. The court will award costs in the amount requested.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In her original Complaint, filed in March 2024, Lopez brought claims against the County, her former employer, for unpaid overtime in violation of the Fair Labor Standards Act (FLSA), for discrimination based on disability and ethnicity, and for breach of contract related to the termination of her employment. (Doc. No. 1.)

The parties mediated the claims on May 2, 2025. The case did not settle at mediation. However, three days after the mediation, the defendant sent the plaintiff an Offer of Judgment to settle the FLSA claim only, offering the entire amount that the plaintiff claimed she was owed under the FLSA, even though the amount far exceeded any sum the plaintiff could have possibly obtained if she had prevailed on the issue of liability at trial. The Offer of Judgment (Doc. No. 23-2) also acknowledged that the plaintiff would be entitled to reasonable attorney's fees, costs, and expenses incurred in connection with the FLSA claim. The plaintiff accepted the Offer of Judgment, and, upon the defendant's motion, the court approved the settlement of the FLSA claim. (Doc. Nos. 23–25.)[1, 2]

The parties apparently tried thereafter to resolve the matter of attorney's fees between themselves. When those efforts failed, the plaintiff filed the present motion, seeking to recover $30,958.33 in attorney's fees and $1,573.93 in costs. (Doc. No. 36 at 1.) The motion is supported by a Memorandum of Law (Doc. No. 37), the Affidavit of Counsel (Doc. No. 36-1), and counsel's billing records (Doc. No. 36-2). The sum of the fees requested is based on counsel's billing rate of $250 dollars per hour for 122.53 hours and his paralegal's billing rate of $125 per hour for 2.6 hours (for a total of 125.13 hours for both professionals). (*See* Doc. No. 36-1 ¶ 3; Doc. No. 36-2.) In his supporting Affidavit, counsel asserts that his firm "expended 125.13 hours on behalf of the

---

[1] Notably, as set forth in the defendant's unopposed Motion for Approval of Settlement, the defendant calculated that the maximum amount to which the plaintiff would have been entitled under the FLSA on the issue of liability, giving the plaintiff the benefit of the doubt on all contested issues, would have been $514.42. (Doc. No. 23 at 1; *see also* Doc. No. 23-1 (spreadsheet showing how the defendant arrived at that calculation).) Even with liquidated damages in equal amount under 29 U.S.C. § 216(b), that sum is far less than the $20,000 in back wages and liquidated damages the plaintiff claimed. The defendant contends that it nonetheless sent the Offer of Judgment offering the plaintiff the full amount the plaintiff claimed in order to "avoid the potential accrual of attorneys' fees and other costs of litigating the claim." (Doc. No. 23 at 2.)

[2] By separate Order, the court has now granted summary judgment to the defendant on the non-FLSA claims.

Plaintiff in this matter that are fairly and reasonably allocated to the Plaintiff's claims under the Fair Labor Standards Act at the reasonable value of $30,958.33." (Doc. No. 36-1 ¶ 3.) Counsel also states that he provided in the mediation a "good faith estimate" of the fees incurred on the FLSA claim as of the time of the mediation, but the estimate neglected to include time spent on the matter in November and December 2024 and that "[t]he prior unverified estimate was less than the amount requested" in his motion (*Id.* ¶ 6.)

As noted above, the County does not oppose the amount of costs requested; nor does it contest, as a general matter, the plaintiff's right to an award of a reasonable attorney's fee. It contends, however, that the court should award less than the amount requested, first, because it apparently includes at least one mathematical error and one entry that is clearly unrelated to the FLSA claim, and it provides insufficient detail to support one of the billing entries. The defendant also notes that the plaintiff did not include an actual hour count in the billing records, instead only including the hourly rate and the total billed for any particular entry, leaving the defendant (and the court) to infer the number of hours by dividing the total by the billing rate. The defendant's principal argument, however, is that counsel provided a fee estimate as of the date of the mediation of attorney's fees directly related to the FLSA claim in the amount of $20,350. Although the defendant's Offer of Judgment was submitted on the Monday following the Friday mediation, the amount of fees the plaintiff now seeks has increased by $9,433—nearly fifty percent over the estimate provided at the mediation. According to the defendant, plaintiff's counsel's explanation that he neglected to "look at" his billing records for November and December 2024 prior to the mediation is insufficient to explain the discrepancy, because the totals for those months is $2,250. And one of those entries is out of order in the billing records, suggesting, according to the

defendant, that plaintiff's counsel did not maintain the records contemporaneously. (Doc. No. 38 at 3.)

The defendant also points out that the fees incurred following the mediation together do not support the increased amount of fees sought, as those entries total $2,525 (after correcting the one math error and omitting the entry that is clearly unrelated to the FLSA claim)—plus an additional $1,325 that the defendant separately asserts should not be recoverable.

More specifically, plaintiff's counsel's billing entries from July 29, 2025 through September 29, 2025, amounting to $1,325 in fees, are attributable to what plaintiff's counsel refers to as "excessive tax withholdings" in the settlement check. (*See* Doc. No. 36-2 at 7.) As explained in the Affidavit of Lee Ann Thompson, counsel of record for the County, submitted with the defendant's Response, the County issued a settlement check to the plaintiff on July 28, 2025 that "included the standard withholdings for FICA (6.2%) and Medicare (1.45%) and federal income tax withholdings based on Ms. Lopez's most recent W-4." (Doc. No. 39 ¶ 5.) Counsel for the plaintiff objected to the tax withholding and asked the County to withhold only 10% in federal income tax by classifying the payment as "other deferred income." (*Id.* ¶ 6.)

However, according to Thompson, the regulation and corresponding code section to which plaintiff's counsel referred concern "deferred compensation plans, individual retirement plans and commercial annuities," not settlements for unpaid wages. (*Id.*) Despite being asked to do so, plaintiff's counsel was unable to cite applicable law supporting the classification of a settlement payment on an unpaid wages claim as "other deferred income." (*Id.*) Nonetheless, despite having no obligation to do so but "[i]n the interest of "resolving the matter," the County offered to, and ultimately did, void the original check and issue a replacement check applying a 22% tax rate that can be used for overtime pay. (*Id.*)

The County contends that it is "unreasonable for the County to pay $1,325.00 in legal fees to Plaintiff's counsel for time spent making a demand for a 10% tax withholding rate that he did not address before the settlement offer was accepted, and that is not supported by case law or IRS guidance," especially when "the original settlement check included proper tax withholdings and the County was more than reasonable in reaching a resolution that, while not legally required, would satisfy Plaintiff." (Doc. No. 38 at 5–6.)

The plaintiff filed a Reply, arguing only that settlement communications are privileged and protected from disclosure, subject only to exceptions not at issue in this case, and that the County does not have the ability to "unilaterally waive" that privilege. (Doc. No. 44 at 1–2 (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 977 (6th Cir. 2003)).) Otherwise, the plaintiff asserts that the defendant "has not challenged the validity of any time entry." (*Id.* at 2.)

## II.    LEGAL STANDARD

The court must award a prevailing plaintiff in an FLSA case "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). "An award of attorney fees to a prevailing plaintiff under . . . the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). "Since the FLSA does not discuss what constitutes a reasonable fee, '[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees.'" *Fegley*, 19 F.3d at 1134 (quoting *U. Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)).

A court called upon to award a reasonable fee must first calculate the "lodestar" amount, *Rembert*, 986 F.3d at 616, by "identify[ing] a reasonable hourly rate and determin[ing] the hours reasonably expended on the litigation" to reach a "reasonably objective 'initial estimate of the value of the lawyer's services.'" *U. Slate*, 732 F.2d at 503 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the lodestar amount is calculated, the court must then "measure that amount against several factors," including the results obtained by the litigant. *Id.*

The factors the district court may consider, "either in determining the basic lodestar fee and/or adjustments thereto," include the following:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 n.8 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 472 n.3 (6th Cir. 1999). In the majority of cases, the lodestar calculation of the reasonable number of hours expended in a case will already reflect consideration of these factors. *See Gonter v. Hunt Valve Co.*, 510 F.3d 610, 621 (6th Cir. 2007) (considering request for enhancement of the lodestar amount).

In reviewing a request for fees, the court must "provide a concise but clear explanation of its reasons for the award. The district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 366 (6th Cir. 2014) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997)).

Although the degree of success achieved remains the most important factor to consider, the Sixth Circuit has cautioned that, in light of the purpose of the FLSA fee provision—"to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," *U. Slate*, 732 F.2d at 502—courts "should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourage[s] the vindication of congressionally identified policies and rights.'" *Fegley*, 19 F.3d at 1134–35 (quoting *U. Slate*, 732 F.2d at 503). Thus, a substantial fee award may be warranted even where an FLSA plaintiff is awarded "only nominal damages." *Id.* at 1135 (citation omitted).

## III. DISCUSSION

The court will award costs in the uncontested amount of $1,573.93, without further discussion. The issue of fees requires further analysis in light of the defendant's objections.

### A. The Lodestar Amount

#### 1. *Reasonable Hourly Rate*

In this circuit, the court, "in calculating the reasonable hourly rate component of the lodestar computation, should initially assess the prevailing market rate in the relevant community." *Smith*, 592 F. App'x at 369 (quoting *Adcock–Ladd*, 227 F.3d at 350). In determining whether the requested hourly rates are reasonable, the court should "use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821-22 (6th Cir. 2013) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)).

The defendant does not object to plaintiff's counsel's rate of $250 per hour or his paralegal's rate of $125 per hour, and the court finds that these rates are reasonable and well within the range of hourly rates approved by this court in recent FLSA cases.

### 2. Reasonable Number of Hours

Plaintiff's counsel seeks compensation for himself for 122.53 hours and 2.6 hours for his paralegal. In his Affidavit, counsel asserts that these hours are "fairly and reasonably allocated" to the FLSA claim. He provides no other assertion as to the necessity of the number of hours.

As indicated above, the defendant objects to:

(1) The "vagueness" of some entries in the billing record, particularly the entry for 6/6/2025, which states only, "Work on motion." (*See* Doc. No. 36-2 at 7.)

(2) The "total" billed for work on 5/2/2025 of $875, because the notation states "Prepare for and attend mediation. 3 hours on FLSA, balance on other claims," which indicates that the "total" should have been $750 rather than $875, and the $100 for work on a "Rule 30 Notice of Deposition" on 5/8/2025, which obviously did not relate to the FLSA claim.

(3) The $1,000 billed for 12/11/2024 (for "Research time rounding, work before clock starts, work after clocking out, and required phone answering during lunch break"), because this entry was sandwiched between time entries for 5/9/2025 and 6/4/2025, indicating that counsel did not keep his billing records contemporaneously with the work done.

(4) The amounts reasonably billed relating to attorney's fees and the settlement, following mediation, do not reasonably support an increase of over $9,000 from the amount the plaintiff estimated as of the date of mediation.

(5) The claimed fees ($1,325) related to contesting the tax withholdings from the plaintiff's check should not be shifted to the defendant.

The defendant asserts that the plaintiff should recover "no more than $22,875.00 in fees ($20,350 claimed as of April 28, 2025 plus $2,525.00 in fees incurred during mediation and through the acceptance of the offer of judgment)." (Doc. No. 38 at 6.)

The FLSA claim in this case was, on its face, an exceedingly simple, low-value one. The number of hours counsel contends he devoted to this claim appears on its face to be somewhat disproportionate, but the defendant does not directly attack the number of hours for which plaintiff's counsel seeks to recover fees as unreasonable overall. The court, moreover, is only partially persuaded by the defendant's arguments.

First, the defendant provides no basis for holding counsel to the estimate provided during the mediation. The County, for instance, does not argue that its agreement to settle for the amount that it did was based even in part on reliance on the plaintiff's estimate of attorney's fees as of the date of mediation. The question before the court, then, is simply whether the number of hours requested is reasonable and adequately supported by counsel's Affidavit and billing records.

Second, regarding vagueness, the law is clear that attorneys seeking fees "have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Smith*, 592 F. App'x at 371 (citation and internal quotation marks omitted). Counsel, however, "is not required to record in great detail how every minute of his [or her] time was expended" but should at least "identify the general subject matter of . . . time expenditures." *Id.* (citations omitted). The entries in this case are adequately detailed under this standard. Specifically, the June 6 entry for "Work on motion," to which the defendant points as unduly vague, obviously relates to the plaintiff's draft motion for attorney's fees, as supported by the May 22, 2025 entry stating "Began work on Motion for fees" (Doc. No. 36-2 at 2) and further supported by the fact that, as defense counsel herself relates, plaintiff's counsel

emailed her a "draft motion for fees and costs with a supporting affidavit and memorandum" on June 7 (Thompson Aff., Doc. No. 39 ¶ 4).

Third, there is no evidence in the record from which the court can conclude that counsel did not maintain contemporaneous billing records. In fact, the detail included in the entry for 12/11/2024 suggests that counsel did maintain contemporaneous records of his time, even if that entry did not make it into his billing statement in chronological order.

The defendant's other objections, however, are well taken. The billing entry for 5/2/2025 contains an obvious math error and should be reduced by $125, from $875 to $750, and a notice of deposition sent after Offer of Judgment was communicated could not have related to the FLSA claim. And the court agrees that there is no basis for shifting fees for the time plaintiff's counsel spent on the tax withholding issue. Counsel did not respond to the defendant's argument regarding this issue, and there is no basis from which the court can conclude that the County miscalculated the withholding or improperly sought to deprive the plaintiff of any amount of the settlement to which she was entitled. Rather, it seems clear that counsel failed to manage his client's expectations regarding tax withholding or to seek to address the issue before the check was issued. The court, therefore, will deduct $1,325 from the total requested.

The defendant does not specifically object to any other hours as unreasonable, even in light of the relative simplicity of the plaintiff's FLSA claim. It is clear in this case that plaintiff's counsel despite the relative weakness of that claim, achieved an excellent result—which generally indicates that the attorney "should recover a fully compensatory fee." *Adcock-Ladd*, 227 F.3d at 349. As the Sixth Circuit explained in *Adcock-Ladd*, "a strong presumption favors the prevailing lawyer's entitlement to his lodestar fee. Accordingly, modifications [to the lodestar] are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed

findings by the lower courts." *Id.* at 350 (internal quotation marks and citations omitted) (alteration in original).

Here, although the court is troubled by counsel's failure to include in his billing records a notation of the number of hours spent for each task and further finds that the total number of hours spent seems generally disproportionate to the needs of the case, given the simplicity of the claim and the fact that it was resolved shortly after mediation, the court finds no basis for further reducing the fee award. Indulging the presumption in favor of a full lodestar fee, which the defendant has not rebutted, the court will award fees in the amount sought (30,958.33), minus $125 in connection with the mediation, $100 for time spent on a notice of deposition, and $1,325 for the time spent on the withholding issue, for a total of $29,408.33.

## IV.     CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's Motion for Attorney Fees and Costs (Doc. No. 36) is **GRANTED IN PART**, and the plaintiff is awarded a reasonable attorney's fee of $29,408.33 and costs in the amount of $1,573.93.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge